Filed 10/16/13  P. v. Hodges CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B244934 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. NA093189 & |
| v. | NA089040) |
| JEWEL HODGES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James D. Otto, Judge.  Affirmed.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A May 26, 2011 felony complaint in case number NA089040 charged Jewel Hodges with one count of selling, transporting or offering to sell cocaine base in violation of Health and Safety Code section 11352, subdivision (a)[1] (count 1), and one count of possessing cocaine base for sale in violation of section 11351.5 (count 2). On June 3, 2011, Hodges pleaded no contest to count 1 and the trial court dismissed count 2. The court suspended imposition of sentence and placed Hodges on formal probation for three years. As a condition of her probation, Hodges was required to serve 20 days in jail.

An August 27, 2012 felony complaint in case number NA093189 charged Hodges with one count of selling, transporting or offering to sell cocaine base in violation of section 11352, subdivision (a). Based on the filing of a new felony complaint, the trial court summarily revoked Hodges's probation in case number NA089040.

On September 4, 2012, Hodges pleaded guilty to a violation of section 11352, subdivision (a), in case number NA093189, and the trial court sentenced her in accordance with the plea agreement to the upper term of five years. The court found Hodges in violation of her probation in case number NA089040. The court revoked her probation and sentenced her in accordance with the plea agreement to the upper term of five years to run concurrently with the sentence imposed in case number NA093189.

Hodges filed a notice of appeal in case numbers NA089040 and NA093189, indicating her "appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." We appointed counsel to represent Hodges on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On July 1, 2013, we advised Hodges that she personally had 30 days to submit any contentions or issues she wished us to consider. We also directed her appointed counsel to send the record and opening brief to Hodges immediately.

---

[1] Statutory references are to the Health and Safety Code unless otherwise indicated.

On July 19, 2013, Hodges filed a handwritten letter. She wanted to inform this court that the reason she "was selling cocaine was because [she] had relapsed" and that she has since "turned [her] life around." She stated she is "asking for a chance to do the right thing in society again." With her letter, she submitted a progress report from the rehabilitation program she was participating in during her incarceration.

We have examined the record and are satisfied that Hodges's counsel has complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.) Hodges's guilty plea/admission of probation violation and failure to obtain a certificate of probable cause limit the potential scope of her appeal to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or "[t]he denial of a motion to suppress evidence under Penal Code section 1538.5." (Cal. Rules of Court, rule 8.304(b); see Pen. Code, § 1237.5.) Hodges's letter does not raise, and the record does not demonstrate, the existence of any such issue.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                                              CHANEY, J.

We concur:


            MALLANO, P. J.



            ROTHSCHILD, J.


3